UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AVIE HANNAH,

    Plaintiff,

v.

    Case No. 19-cv-811-pp

DR. JAMES MURPHY, JR.,
and NURSE JANE DOE,

    Defendant.

## ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PAY INITIAL PARTIAL FILING FEE

The plaintiff filed this civil rights complaint on May 30, 2019. Dkt. No. 1. At the time, he was in custody at the Outagamie County Jail. Id. at 1. He filed a motion asking the court to allow him to proceed without paying the initial partial filing fee, dkt. no. 2, but he did not provide the court with a certified copy of his trust account for the six-month period prior to the date he filed the complaint.

On July 8, 2019, the court issued an order requiring the plaintiff to show cause why it should not dismiss his case for failure to file his trust account statement. Dkt. No. 5. The court gave the plaintiff a deadline of July 25, 2019 by which to file the statement and told him that if the court didn't receive the statement by that date, it would dismiss the case without further notice. Id. at 2. On July 22, 2019, the court received the defendant's trust account statement for January 1, 2019 through July 13, 2019. Dkt. No. 6. Based on

1

the information in that trust account statement, the court issued an order on July 23, 2019, requiring the plaintiff to pay an initial partial filing fee of $20.37 by August 13, 2019. Dkt. No. 7. The order explained to the defendant that if the court didn't receive that $20.37 fee by August 13, 2019, the court would dismiss his case without prejudice. Id. at 2. The court also told the plaintiff that he could notify the court by letter if he did not want to proceed with the lawsuit. Id. at 3. Finally, the court told the plaintiff that if he didn't have enough money in his trust account to pay the initial partial filing fee, he was responsible for arranging with the jail to pay the fee out of his release account. Id. at 3-4. The court mailed the order to the plaintiff at the Outagamie County Jail.

The court did not receive the initial partial filing fee by August 13. Nonetheless, the court waited—it waited forty-five days—in case the plaintiff had sent the fee by mail and it was delayed. Finally, on October 8, 2019, the court issued *another* order. Dkt. No. 8. This one required the plaintiff to pay the initial partial filing fee by November 1, 2019. Id. at 2. The court warned the plaintiff that if it didn't receive the filing fee or a request for an extension of time by November 1, 2019, the court would dismiss the case for failure to diligently pursue it. Id. The court mailed *that* order to the plaintiff at the Outagamie County Jail.

As of the date of this order, the court still has not received the initial partial filing fee of $20.37 from the plaintiff, even though it has been over three months since the court ordered him to pay it. The court *did* receive an

2

amended complaint from the plaintiff on October 9, 2019, dkt. no. 9, along with a copy of a second trust account statement covering March 1, 2019 through September 17, 2019, dkt. no. 10. Along with the trust account statement, the plaintiff asked the clerk of court to send him an "informa [pauperis] form so [his] complaint can be screened." Id. at 6.

The reason the court has not screened the plaintiff's complaint (or the amended complaint) is not because it didn't have a trust account statement from him; it received his trust account statement July 22. The court has not screened the plaintiff's complaint because he has not paid the initial partial filing fee. The court has given the plaintiff additional time to pay the fee, but told him in its last order that it would dismiss the case if it did not receive that fee by November 1, 2019. The Outagamie County Jail inmate list shows that the plaintiff is still in custody there, and none of the orders the court has sent to the plaintiff have been returned as undeliverable. The court has not received the fee, so it will dismiss the case.

The court **ORDERS** that this case is **DISMISSED without prejudice** for failure to diligently pursue it under Civil Local Rule 41(c) (E.D. Wis.). The court will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 5th day of November, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**